## P. F. Ross v. F. V. Hogan.

(No. 111.)

LIABILITY OF SHERIFF.— The judgment of the court below, sitting as a jury, is conclusive, and will not be disturbed unless it is against the evidence or without any evidence to support it.

APPEAL from McLennan county. Opinion by WATTS, J.

STATEMENT.—[We adopt the statement of the appellants' counsel, as found in their brief, the same being correct.]

In which the court states, in substance, that it was shown that before the levy Winn had sold to plaintiff, Hogan, and was in possession of the goods. That they had been conveyed by a valid conveyance; that the evidence does not tend to show that, as between Winn and Hogan, it was not the *intent to pass the title.*

It was not shown that Winn was insolvent, nor that the sale was made to defraud Winn's creditors.

That the writ of attachment was regular on its face, and that Winn was indebted, as alleged, to plaintiffs, in attachment, and they had obtained judgment as alleged.

Plaintiff prays for damages and the value of the goods taken.

Peter F. Ross, defendant, answered:

1. By general denial.

2. By special plea that he was, at the time of the seizure of the goods, wares and merchandise set forth in plaintiff's petition, and before, sheriff of McLennan county, Texas, and that he seized the same by virtue of a writ of attachment issued out of the county court of McLennan county in a suit entitled G. Seeligson & Co. *v.* W. M. Winn; that the levy was made upon the goods as the property of W. M. Winn; that these goods were the goods of W. M. Winn at the time of the levy, and that any claim of plaintiff, Hogan, to said goods was pretended, feigned and simulated because before and at the time of plaintiff, Hogan's, pretended pur-

chase, Winn was largely indebted to many persons, among whom were Messrs. Seeligson & Co., and very much pressed by his creditors, and that said pretended sale was fraudulent, and made by Winn with the intent to delay, hinder and defraud his said creditors; that the pretended sale was made just before the levy. And these goods levied upon were embraced in the sale. And that plaintiff, Hogan, knew of Winn's fraudulent intent; that, indeed, there was no consideration paid in fact. And that the goods were, at the time, Winn's goods and subject to the attachment against Winn.

The cause was submitted to the court without a jury and judgment rendered for the plaintiff, Hogan, for $1,210.25 and costs of suit, being the value of the goods seized and interest at eight per cent. from date of levy.

Defendant, Ross, appealed.

At request of counsel for defendant the presiding judge assigned the following facts and conclusions found by the court at the trial of said cause, which was embodied as part of the record of said cause:

1. That the goods were seized, as alleged, by P. F. Ross, and that at the time of their seizure they were in the possession of plaintiff, and had been conveyed and delivered to him by a valid conveyance from Winn, the owner of the same. The evidence does not tend to show that, as between Winn and Hogan, it was not the intention to pass title.

2. It was found that Winn was indebted to the original plaintiff in attachment as alleged, and that he had obtained a judgment at the time alleged. It is not shown that Winn was insolvent, nor that the conveyance to Hogan was made to defraud his, Winn's, creditors.

3. It appears that Ross, as sheriff, by his deputy, levied on the goods by virtue of a writ of attachment, regular on its face, but the record of the case in evidence shows that the attachment was not legally issued, and in such case

where it is the intention of the vendor and vendee, as between themselves, to pass title, and the vendee is in possession, the sheriff cannot justify the levy under an attachment not legally issued, nor attack the conveyance, though it should be fraudulent as to creditors; and in this case it does not appear, by the evidence, that the conveyance was colorable between the parties or fraudulent as to creditors. It appears that plaintiff is entitled to recover the value of the goods and legal interest thereon from date of seizure, the amount for which judgment is rendered.

Several errors are assigned; all amount to this: that the finding and judgment of the court are against, and not supported by, the evidence.

OPINION.—See Smith v. Warren,[1] decided by us at the present term. In the case before us the court, sitting as a jury, heard the testimony of the witnesses, had an opportunity to observe their manner, and was enabled to determine their credibility, and the weight to be attached to the statements of each witness.

The court determined that the appellee and his witnesses were credible, and that their statements were entitled to full weight. The finding of the court in these particulars is conclusive.

The court also, as a conclusion from the whole testimony, after weighing the same and giving to the statement of each witness the weight to which he had determined they were entitled, found that the sale of the merchandise by Winn to appellee was *bona fide*, and passed the title to appellee. The only question that we can consider is this: Is the finding of the judge either against the evidence or without any evidence to support it.

The appellee himself testified that he purchased the merchandise from Winn and paid him the full value therefor in money and a note, and that he did not know at the time that Winn was indebted to any person. One of the witnesses to the bill of sale testified that he was present and

saw Winn sign the same, and at the same time saw appellee pay Winn some money, he supposed it to be about $5,000, and also saw him give Winn his note for something over $900. Without further detailing the testimony of the witnesses, this is sufficient to sustain the finding of the court.

AFFIRMED.